UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

TORMU E. PRALL       :
               :
 v.            :  C.A. No. 14-176L
               :
STATE OF RHODE ISLAND   :
SUPERIOR COURT, et al.    :

## REPORT AND RECOMMENDATION
## FOR SUMMARY DISMISSAL

Lincoln D. Almond, United States Magistrate Judge

On April 8, 2014, Tormu Prall filed a <u>pro se</u> Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and a Motion for Leave to Proceed In Forma Pauperis. (Document Nos. 1, 2). The Motion for Leave to Proceed In Forma Pauperis was referred to me for review. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases,[1] this Court is required to examine a Petition, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition...." For the reasons discussed below, I recommend that Prall's Petition for Writ of Habeas Corpus (Document No. 1) be DISMISSED. I further recommend his Motion to Proceed In Forma Pauperis (Document No. 2) be DENIED as moot.

**Facts**

Prall filed his claim pursuant to 28 U.S.C. § 2241. Prall is currently incarcerated in New Jersey State Prison, and claims that "over three years ago, detainers were lodged" against him in connection with a robbery and car theft that allegedly occurred in Rhode Island. (Document No. 1

---

[1] Rule 4 also applies to habeas corpus petitions filed pursuant to 28 U.S.C. § 2241 via Rule 1(b) of the Rules Governing Section 2254 cases.

at p. 2). In the present Petition, Prall claims that his pending Rhode Island charges run afoul of the Interstate Agreement on Detainers Act. Prall seeks to have his Rhode Island charges immediately resolved. Id. at pp. 2-4.

**Standard of Review**

This Court is recommending that Prall's Petition be dismissed sua sponte pursuant to Rule 4 of the Rules Governing Section 2254 Cases. In making this recommendation, this Court has taken all of the allegations in Prall's Petition as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Petitioner's allegations and legal claims since they have been put forth by a pro se litigant. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review, Prall's Petition fails to demonstrate any plausible entitlement to habeas relief.

**Discussion**

Prall's Petition fails to survive Rule 4 scrutiny because he has filed it in the incorrect jurisdiction. Prall is a prolific filer, having filed four cases in this Court, and has at least forty-three other civil filings listed in the PACER case locator system. Prall's most recent filing in this Court also sought 28 U.S.C. § 2241 relief, albeit on a different factual basis, and was dismissed by District Judge McConnell without prejudice to being brought in the United States District Court for the District of New Jersey. See Prall v. Sixth Division District Court, et. al., C.A. No. 13-654M. (Document No. 3).

In his Order, Judge McConnell succinctly noted that this Court "lacks jurisdiction to reach the merits of Mr. Prall's claim. Rather, the district in which the prison is located is the proper district for proceedings under § 2241, and the warden of that prison is the proper respondent....Here, Mr.

Prall is confined in the District of New Jersey, and the warden of the New Jersey State Prison is his custodian." (Id. at pp. 2-3 citing Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). While the factual basis underpinning Prall's request for § 2241 relief in this case is not the same as in his previous Petition, the law is the same, and the outcome is the same. This case should be dismissed without prejudice because Prall remains in custody in New Jersey, and a § 2241 petition must be filed in the district where the petitioner is confined and against his present custodian.

**Conclusion**

For the reasons stated, I recommend that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Document No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE to refiling in the United States District Court for the District of New Jersey. I further recommend that Prall's Motion to Proceed In Forma Pauperis (Document No. 2) be DENIED as moot.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 15, 2014